IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:15CV462 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM** |
| MARY GILBRIDE, Judge, RICHARD | ) | **AND ORDER** |
| KOPF, NEBRASKA, MR. POPE, MR. | ) | |
| LOPES, TRACY SMOCK, and | ) | |
| CHRISTY ROLLINS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint in this matter on December 22, 2015. (Filing No. 1.) Plaintiff filed an Amended Complaint on January 5, 2016. (Filing No. 5.) On February 1, 2016, Plaintiff was given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Amended Complaint names the following as defendants: (1) Nebraska state court judge Mary Gilbride; (2) Nebraska federal court judge Richard Kopf; (3) Nebraska; (4) Mr. Pope; (5) Mr. Lopes; (6) Tracy Smock; and (6) Christy Rollins. (Filing No. 5 at CM/ECF p. 1.) The allegations in Plaintiff's Complaint and Amended Complaint are rambling and nearly indecipherable. As best as the court can tell, Plaintiff claims that his constitutional rights were violated when Judge Gilbride enjoined him from engaging in the unauthorized practice of law. Plaintiff suggests that he was not given an opportunity to respond to affidavits offered in the state court proceedings to support issuance of the injunction. Plaintiff alleges that the affidavits

provided by Defendants Smock and Rollins contained false information. Plaintiff further maintains that Judge Kopf issued an order which falsely stated that Plaintiff attempted to file pleadings on behalf of another individual. Plaintiff seeks monetary damages, as well an "injunction against the injunction entered by Gilbride." (Filing No. 5 at CM/ECF p. 1.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Plaintiff maintains that he was enjoined from engaging in the unauthorized practice of law without being provided an opportunity to respond to allegedly false affidavits offered against him. Plaintiff seeks monetary damages, a declaration that his constitutional rights were violated, and an "injunction against the injunction" entered by Judge Gilbride in the state court proceedings. For multiple reasons, Plaintiff has failed to state a claim upon which relief can be granted.

First, Plaintiff has failed to specify how Defendants Pope and Lopes violated his federally cognizable civil rights. Although Plaintiff listed these individuals as defendants in the case caption of the Amended Complaint, he has not articulated any actions taken by these defendants in violation of his constitutional rights. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Therefore, Plaintiff's claims against Pope and Lopes must be dismissed.

Second, the *Rooker-Feldman* doctrine prevents consideration of Plaintiff's

Complaint and Amended Complaint in this court. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. [Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005)](). *See* [D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)](); [Rooker v. Fid. Trust Co., 263 U.S. 413 (1923)](). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" [Mosby, 418 at 931]() (quoting [Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)]()). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. [Feldman, 460 U.S. at 467](). *See also* [Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003)](). Here, Plaintiff requests that the court review the constitutionality of the state court order enjoining Plaintiff from engaging in the unauthorized practice of law. As explained, the court cannot do so. In order for Plaintiff to properly challenge the injunction, he must seek the appropriate state remedies.

Third, Plaintiff's claims against Judge Kopf and Judge Gilbride in their individual capacities are precluded by judicial immunity. Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. [Mireles v. Waco, 502 U.S. 9, 11-12 (1991)](). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." [Id.]() Moreover, a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." [Id. at 12](). (quotation omitted).

Here, the only allegation Plaintiff makes against Judge Kopf is that he entered an order in a federal action falsely stating that Plaintiff had engaged in the

4

unauthorized practice of law. Plaintiff only alleges that Judge Gilbride entered an injunction in a state court case. Plaintiff does not allege that Judge Kopf or Judge Gilbride were doing anything other than performing traditional judicial functions in their judicial capacities. Plaintiff's allegations are insufficient to establish a plausible claim that the actions of Judge Kopf or Judge Gilbride were not normal judicial functions or that their actions were taken in complete absence of all jurisdiction. Accordingly, Plaintiff's claims against Judge Kopf and Judge Gilbride must be dismissed.

For the foregoing reasons, the court will dismiss this action. The court will not provide Plaintiff with an opportunity to file a second amended complaint because it is apparent that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice pursuant to [28 U.S.C. § 1915(e)(2)](28 U.S.C. § 1915(e)(2)).

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of April, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge